RCV'D - USDC - CHAS, SC
2026 MAR 10 AM 8:59

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angel S. A. Jackson, Sheila Wilson, and Bertram Gaines Jr., <br>          Plaintiffs, <br> v. <br><br> Jasper County, South Carolina; <br> Magistrate Judge Jennifer Carter, *in her official capacity;* <br> Circuit Court Judge Keith Kelly, *in his official capacity;* <br> Sheriff of Jasper County South Carolina, sued as Sheriff John Doe, and John Doe Deputies (1-5) *in their individual capacity* <br>          Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No._____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND DAMAGES UNDER 42 U.S.C. § 1983

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Jasper County, South Carolina, within the Charleston Division.

### II. PARTIES

4. Plaintiffs Angel S. A. Jackson, Sheila Wilson, and Bertram Gaines Jr., are residents of South Carolina and were occupants of the property subject to the eviction proceedings at issue. The property at issue in that eviction action is located at 102 Mount Pleasant Road, in the town of Yemassee, of the County of Jasper, South Carolina (hereinafter "the property"). The property is described as follows:

   > MAP ID:090-08-02-004 LOT NO C POCOTALLGO S/D ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, SITUATE, LYING AND BEING IN THE COUNTY OF JASPER, STATE OF SOUTH CAROLINA, BEING

KNOWN AND DESIGNATED AS Page 2 of 6 ELECTRONICALLY FILED - 2024 Apr 10 11:43 AM - JASPER - COMMON PLEAS - CASE#2024CP2700223 LOT NO. C OF THE POCOTALLGO SUBDIVISION AS SHOWN ON A REVISED PLAT RECORDED IN THE OFFICE OF THE CLERK OF COURT FOR JASPER COUNTY IN PLAT BOOK 13 AT PAGE 122 AND BEING BOUND AND DESCRIBED AS FOLLOWS: ON THE NORTH FOR A DISTANCE OF 200 FEET BY A FIFTY (50') FOOT STREET; ON THE EAST FOR A DISTANCE OF 220 FEET BY THE OLD POCOTALLGO ROAD; ON THE SOUTH FOR A DISTANCE OF 120 FEET BY THE ESTATE OF JOE GREEN AND ON THE WEST FOR A DISTANCE OF 209.6 FEET BY LOT NO. 4 OF SAID SUBDIVISION. TAX MAP PARCEL ID: 090-08-02-004 STREET ADDRESS: 102 MOUNT PLEASANT ROAD, YEMASSEE, S.C. 29945

5. Defendant Jasper County, South Carolina is a political subdivision responsible for administrative policies, funding, and practices affecting the operation of its magistrate courts and the preservation and transmission of records for appellate review.

6. Defendant Magistrate Judge Jennifer Carter was, at all relevant times, a magistrate judge in Jasper County. She is sued in her official capacity for declaratory and injunctive relief related to administrative and jurisdictional actions taken in this matter.

7. Defendant Judge Keith Kelly was, at all relevant times, a Circuit Court Judge presiding over Plaintiffs' appeal. He is sued in his official capacity for declaratory and injunctive relief related to the denial of meaningful appellate review.

8. Defendant Sheriff of Jasper County, South Carolina, is a law enforcement officer acting under color of state law. He is sued in his individual capacity for damages arising from the execution and enforcement of a void eviction order. Defendant John Doe Deputies (1–5) are sheriff's deputies who participated in the eviction and are sued in their individual capacities. Their identities will be substituted upon discovery.

### III. PROCEDURAL BACKGROUND

(a) The Plaintiffs have continuously occupied the property located at 102 Mount Pleasant Road, Yemassee, SC 29945, since the passing of the original titled owner Mrs.

Gertude Gaines on April 27th, 2012. Plaintiff Angel Jackson is the daughter of Plaintiff Mrs. Sheila Wilson. Plaintiff Mr. Bertram Gaines is the son of Mrs. Gertrude Gaines (original property title holder). Mrs. Gertrude Gaines is the aunt of Plaintiff Mrs. Sheila Wilson's and Mrs. Joanne Fields's father. Mrs. Sheila Wilson and Mrs. Joanne Fields are sisters they are Mrs. Gaines' great nieces. In a prior eviction action in 2009, brought forth by Mrs. Joanne Fields against the Plaintiffs (Case No. 2009-CV-27-1030164) the Jasper County Magistrate's Court found that it lacked jurisdiction to adjudicate the issues with regard to how the property became titled to Mrs. Fields, her husband, and Mrs. Gaines on joint-tenancy survivorship rights. Additionally, the court ruled that "unless Mrs. Gaines joined the Fields in an eviction action, an eviction would not be proper," and dismissed the matter with prejudice.

(b) On January 9th, 2013, via. certified mail, the Fields sent a letter to the Plaintiffs through their undersigned counsel Dore Law Office, LLC of Beaufort South Carolina requesting rent of $250.00 payable February 1st, 2013, or subject to eviction proceedings. The Plaintiffs refused to acknowledge the Fields' ownership given the unresolved issues in regard to how the property became titled to the Fields. The Fields never followed through with a subsequent eviction action, nor did they pursue legal means to assert ownership. On December 19th, 2022, the Fields sent another request for rent that acknowledged the Plaintiffs' failure to pay rent since the Fields' ownership, completely disregarding that there is no mutual tenancy agreement among the Plaintiffs and the Fields. On February 10, 2023, Plaintiffs Sheila Wilson and Bertram Gaines received a Notice to Quit Premises by the Fields and subsequently contacted the Magistrate to show cause as to why they should not be ejected from the premises.

(c) In March of 2023, the Plaintiffs received a summons to appear before the Magistrate's Court to be heard on a Writ of Ejectment. During which time, the Magistrate's Court heard testimony that there was no lease or rental agreement between the Fields and Plaintiffs. During this hearing, the court was also made aware through the Fields' own testimony that the Plaintiffs had resided on the property without a lease or rental agreement since the dismissal of the 2009 eviction action. Additionally, the court was presented with the prior dismissal in the previous eviction action. As a result, Magistrate Judge Carter disclaimed jurisdictional authority to hear the case and stated

such numerous times on the record to the Plaintiffs and the Fields. The Court explicitly told the parties that the court would notify them of a subsequent hearing if it could verify jurisdictional authority.

(d) While expecting to receive another court date once the court confirmed statutory jurisdiction, the Plaintiffs received an unexpected decision granting the eviction by declaration of ownership (by death certificate) rendered by the Magistrate's Court. Despite lack of evidence of a landlord-tenant relationship the Magistrate's Court issued an eviction order following unresolved jurisdictional questions and without affording Plaintiffs notice or a further hearing, resulting in the deprivation of procedural protections guaranteed by the Fourteenth Amendment. These rights are reserved by the 14th Amendment of the U.S. Constitution and were denied without notice, hearing, or lawful jurisdiction.

(e) Plaintiff Angel S. A. Jackson was not named, served, or afforded notice in the original eviction action, yet was deprived of her possessory interest in the property and forcibly removed by law enforcement acting under color of state law.

(f) Plaintiffs Sheila Wilson and Bertram Gaines timely appealed the Magistrate Court judgment to the Jasper County Court of Common Pleas (Case No. 2023-CP-27-00120). At the appellate hearing on April 20, 2023, Plaintiffs raised jurisdictional and constitutional errors, including lack of subject-matter jurisdiction in the Magistrate Court, and denial of notice and opportunity to be heard. Plaintiffs further relied on a certified audio recording of the Magistrate Court hearing in which Magistrate Judge Carter expressly disclaimed jurisdiction. Plaintiffs offered to provide the recording but were instructed that the Circuit Court would obtain the official magistrate record. The appeal was dismissed without the benefit of the magistrate court record or review of the unresolved jurisdictional issues raised by Plaintiffs, resulting in the absence of meaningful appellate review. Plaintiffs then received a 24-Hour notice to vacate the premises. The judgment was also timely appealed by Plaintiffs Sheila Wilson and Bertram Gaines to the Court of Appeals. Through their undersigned counsel The Law Office of Johnathan Lewis Esq. LLC, of Columbia SC an Ex Parte Order to set an appeal bond and stay the Writ of Ejectment pending appeal was heard and set before

the Magistrate's Court on May 10th, 2023 for $500.00 paid by the Plaintiffs, made payable to the prevailing party.

(g) On May 12, 2023, Plaintiff Angel S. A. Jackson received a Notice to Quit Premises addressed to "Angel Jackson and All Others." In response, Plaintiff Angel Jackson contacted the Magistrate's Court to show cause as to why she should not be evicted. In October 2023, she received a Magistrate Summons, again addressed to "Angel Jackson and All Others", to appear before the Magistrate's Court on November 8, 2023 (Case No. 2023-CV-27-10300309). Despite the initial ejectment action still pending on appeal before a higher court, the Magistrate's Court issued a subsequent Writ of Ejectment while appellate proceedings remained pending and without resolving jurisdictional prerequisites. A subsequent hearing to Lift Stay on the original eviction action was heard and granted by the Magistrate's Court on November 8th, 2023.

(h) Given that the first eviction action was still pending an appeal decision, the Fields were unable to enforce the Writ of Ejectment against Plaintiff Angel S. A. Jackson, whom continued to reside in the residence. Due to reasons unforeseen and unbeknownst to the Plaintiffs, undersigned counsel failed to provide update on delivery of transcript. As a result, the matter was remitted to the tribunal court on March 12th, 2024. Two days before the eviction was executed—Plaintiffs Sheila Wilson and Bertram Gaines filed a claim for *adverse possession* in the Court of Common Pleas through their undersigned counsel (Filed April 10th, 2024, Case No. 2024-CP-27-00223), which remains pending.

(i) On April 11, 2024 Plaintiffs received a 24-hr Notice to Vacate Premises. Plaintiffs were forcibly removed from the property on April 12th, 2024 by the Jasper County Sheriff's Office who forced them to vacate the premises and remove all belongings on order from the Magistrate's Court.

(j) On March 30, 2025, Appellants filed a Motion to Vacate Judgment pursuant to Rule 60(b)(4), for relief from judgments. The motion asserts that the judgments are void due to procedural due process violations, lack of subject matter jurisdiction, and failure to comply with a pending appeal.

(k) On July 14, 2025, Appellants received by mail the Magistrate Court's order dated June 30, 2025. However, the envelope containing the order was postmarked July 11, 2025, indicating a significant delay in mailing and notice.

(l) The Magistrate's Court order "denied Appellants' Rule 60(b)(4) motion without issuing findings of fact or conclusions of law necessary to permit meaningful appellate review. On July 23rd, 2025, the above-named Appellants provided notice to the Jasper County Magistrate's Court appealing the judgment.

(m) Despite the passage of several months since the filing of the appeal, the Magistrate's Return has not been filed, preventing meaningful review by the Court and materially prejudicing Appellant's rights.

(n) On October 14, 2025, Appellant filed a motion seeking to compel the Magistrate's Return. As of that date:

    a. No return has been filed;

    b. No order has been entered; and

    c. No hearing has been scheduled.

(o) On November 17, 2025 the Common Pleas Deputy Clerk sent a letter to the Jasper County Magistrates Court requesting that the return be prepared and transmitted. On November 24, 2025 a second request was sent as no response was received from the court.

(p) On December 19, 2025 Plaintiffs filed a request for ruling on the pending Motion to Compel Magistrate's Return. As of that date:

    a. No return has been filed;

    b. No order has been entered;

    c. No hearing has been scheduled.

(q) On January 12, 2026, Plaintiffs received notice of a hearing scheduled for February 12, 2026, on Plaintiffs' Motion to Compel the Magistrate's Return. The hearing was subsequently continued without a new date being set, further prolonging the denial of meaningful appellate review.

## IV. FACTUAL ALLEGATIONS

### A. Initial Magistrate Court Hearing and Jurisdictional Disclaimer

9. In this matter, possession of the property was inextricably intertwined with disputed ownership and the elements of adverse possession, including continuous, open, notorious, exclusive, and hostile possession over the statutory period. Determination of the right to possession necessarily requires adjudication of ownership and title. Plaintiffs were denied the opportunity to present evidence and argument on these issues on the record due to the Magistrate Court's failure to conduct a further hearing after expressly disclaiming jurisdiction.

10. During the initial hearing, Magistrate Judge Carter expressly stated on the record that she did not know whether she had jurisdiction to hear the matter. Judge Carter further stated that she would determine whether jurisdiction existed and, if so, would schedule another court date to proceed. A certified audio recording of the hearing—currently in Plaintiffs' possession—reflects Judge Carter's explicit acknowledgment of unresolved jurisdictional issues and her expressed disclaimer.

11. Relying on these statements, Plaintiffs reasonably believed no final adjudication would occur until jurisdiction was resolved and a further hearing held. Judge Carter's issuance of an eviction order after expressly disclaiming jurisdiction on the record was not a mere error in the exercise of jurisdiction, but an action taken in the absence of authority to adjudicate disputed ownership and title, resulting in an eviction order entered without resolution of subject-matter jurisdiction. Because possession could not be determined without resolving disputed ownership and adverse possession, the Magistrate Court's failure to afford Plaintiffs a hearing to address these intertwined issues deprived Plaintiffs of their right to be heard at a meaningful time and in a meaningful manner, in violation of the Fourteenth Amendment.

**B. Eviction Issued Without Jurisdiction, Notice, or Further Hearing**

12. Contrary to her own statements on the record, Judge Carter never reconvened court, never resolved jurisdiction, and never provided notice of a further hearing. Instead, Judge Carter issued an eviction order, resulting in Plaintiffs being removed from the property. The eviction entered after jurisdiction was expressly disclaimed, without clearing jurisdictional defects, and without affording Plaintiffs notice or an opportunity to be

heard. The eviction order was therefore entered without first resolving subject-matter jurisdiction and without affording Plaintiffs notice or a further hearing.

### C. Appeal to Circuit Court and Missing Record

13. Plaintiffs timely appealed the eviction judgment to the Jasper County Court of Common Pleas. At the appeal hearing, Defendant Judge Keith Kelly stated on the record that the magistrate court record, including any audio recording, would be obtained for appellate review. Plaintiffs offered to provide a certified audio recording reflecting the magistrate judge's express disclaimer of jurisdiction, but were instructed that the court would obtain the record through official channels. Despite this assurance, the magistrate court record, including the audio recording, was never produced or reviewed by the Circuit Court.

14. Plaintiffs' appeal was dismissed following the Circuit Court's failure to obtain or review the magistrate record, including the certified audio recording reflecting unresolved jurisdictional issues. This dismissal occurred without review of the magistrate record and without consideration of the jurisdictional and constitutional issues formally raised by Plaintiffs, effectively depriving them of meaningful appellate review. The absence of a record reflecting these unresolved ownership and adverse possession issues prevented any appellate court from reviewing whether possession could lawfully be adjudicated without a hearing on title.

15. The claims raised by Plaintiffs on appeal included:
    a. Lack of subject matter jurisdiction in the Magistrate Court;
    b. Absence of standing and proper parties;
    c. Denial of procedural due process;
    d. Issuance of judgment after an express jurisdictional disclaimer.

16. Each of these issues constitutes a pure question of law under South Carolina and federal constitutional standards and is reviewable on appeal as a matter of law. The absence of the magistrate record and the failure to obtain or review it before dismissal resulted in the denial of a meaningful opportunity for appellate review. The dismissal, combined with the absence of the magistrate record and the failure to address formally raised jurisdictional claims, resulted in Plaintiffs being left without any forum capable of reviewing the constitutional defects raised.

### D. Execution of Void Eviction by Sheriff and Deputies

17. Following issuance of the eviction order, Defendant Sheriff John Doe and John Doe Deputies 1–5, acting under color of state law, executed the eviction and forcibly removed Plaintiffs from the property.

18. At the time of execution, the eviction order was facially defective and constitutionally infirm, having been issued after the presiding magistrate expressly disclaimed jurisdiction and without a subsequent hearing. Plaintiffs informed the executing officers of the eviction, that jurisdiction had been disputed and unresolved in the magistrate court.

19. Despite actual notice of the jurisdictional dispute, the pending adverse-possession action in the Court of Common Pleas, and the resulting lack of magistrate jurisdiction, the Sheriff and Deputies proceeded with the physical removal of Plaintiffs, their belongings, and their exclusion from the property under color of state law.

20. By enforcing an eviction order entered in the clear absence of jurisdiction, Defendant Sheriff and Deputies participated in and furthered the deprivation of Plaintiffs' property and liberty interests without due process of law. The Sheriff and Deputies were placed on actual notice that the eviction order was under an active ownership dispute, and entered after the magistrate expressly disclaimed jurisdiction.

21. Under these circumstances, enforcement of the eviction was not a purely ministerial act. Execution required discretionary judgment in light of the known jurisdictional defects and pending adverse possession claim. Reliance on the eviction order was therefore objectively unreasonable. At all relevant times, it was clearly established that law enforcement officers may not enforce court orders entered in the absence of jurisdiction when such defects are known or obvious, and a reasonable officer would have understood that enforcement under these circumstances was unlawful.

22. Execution of the eviction required discretionary judgment under circumstances where the order's validity was openly disputed, placing Defendants outside the protection afforded to purely ministerial enforcement of facially valid process. As a direct and proximate result of the Sheriff and Deputies' conduct, Plaintiffs suffered loss of housing, displacement of three individuals, emotional distress, and financial harm

### E. Rule 60(b)(4) Motion and Continued Denial of Access

23. On July 24, 2025, Plaintiffs appealed the denied motion pursuant to Rule 60(b)(4), SCRCP, seeking relief from void judgments entered without jurisdiction and in violation of due process. Plaintiffs further sought to compel the Magistrate's Return, as required by Rule 75, SCRCP.

24. Despite the passage of months, the Magistrate's Return was never filed, no ruling was entered, and no hearing was scheduled. Plaintiffs filed a motion to compel and later a Request for Ruling, yet the court took no action.

25. The failure to rule, transmit the record, or otherwise act has effectively foreclosed Plaintiffs' access to the courts, leaving them without any forum to adjudicate their constitutional claims.

26. Any hearing scheduled after prolonged noncompliance with Rule 75 does not cure the prior deprivation of appellate review or the enforcement of an eviction order entered without resolution of jurisdictional defects. The belated scheduling of a hearing, without the filing of the Magistrate's Return, does not remedy or negate the constitutional violations already suffered.

### V. CLAIMS FOR RELIEF

Plaintiffs do not seek monetary damages against Defendant judicial officers for acts protected by absolute judicial immunity. Plaintiffs seek only prospective declaratory and injunctive relief against Defendant Magistrate Judge Jennifer Carter and Defendant Circuit Court Judge Keith Kelly in their official capacities to remedy ongoing constitutional violations and systemic practices that deprive litigants of notice, jurisdictional determinations, and meaningful appellate review. Such relief is authorized under *Ex parte Young*, 209 U.S. 123 (1908), and is not barred by judicial or sovereign immunity.

Plaintiffs do not challenge the correctness of judicial rulings as such. Rather, Plaintiffs challenge Defendants' non-judicial and administrative conduct, including the failure to determine jurisdiction before issuing orders, the failure to provide notice of proceedings, the failure to

preserve and transmit records required for appellate review, and the maintenance of administrative practices that systemically deprive litigants of meaningful access to the courts.

Plaintiffs do not ask this Court to adjudicate title or adverse possession, but rather to address the denial of process that prevented those issues from ever being heard in any forum.

Plaintiffs expressly do not seek appellate review, reversal, modification, or nullification of any state court judgment. Plaintiffs instead challenge independent constitutional violations arising from Defendants' administrative practices and enforcement actions that occurred outside the scope of judicial decision-making, including denial of notice, failure to preserve records, and enforcement of orders entered without jurisdiction. Plaintiffs seek no retrospective relief requiring alteration of past judgments, only prospective relief addressing ongoing administrative practices.

## COUNT I

**Denial of Procedural Due Process (Fourteenth Amendment)**
(Against All Defendants Except Judicial Defendants for Damages; Against Judicial Defendants for Prospective Declaratory and Injunctive Relief Only)

27. Plaintiffs incorporate all prior allegations.

28. Defendants deprived Plaintiffs of constitutionally protected property and liberty interests without notice, hearing, or lawful jurisdiction.

29. Defendants, through administrative practices and omissions, deprived Plaintiffs of notice, jurisdictional determinations, and meaningful opportunity to be heard prior to enforcement of eviction orders.

30. The failure to obtain, preserve, and review the magistrate record before dismissal of appeal deprived Plaintiffs of a meaningful opportunity to be heard and constituted a denial of procedural due process.

31. Defendant Sheriff John Doe and John Doe Deputies 1–5 are liable under § 1983 for enforcing a void eviction order, thereby directly participating in the unconstitutional deprivation of liberty and property.

## COUNT II

### Denial of Access to the Courts

(Against All Defendants)

32. Defendants' failure to preserve, transmit, issue findings of fact or conclusions of law necessary to permit meaningful, or review the record, obstructed Plaintiffs' ability to pursue appellate and post-judgment remedies.

33. Plaintiffs' access to the courts was further denied when Plaintiffs' appeal was dismissed without review of the magistrate record or consideration of the jurisdictional and constitutional claims raised. By failing to obtain and review the record necessary to adjudicate the issues raised, Defendants rendered Plaintiffs' appellate remedies illusory.

34. Plaintiffs' underlying claims were non-frivolous and included lack of subject-matter jurisdiction and constitutional due process violations. Defendants' failure to preserve and transmit the magistrate record, combined with enforcement actions that rendered appeals moot, completely frustrated Plaintiffs' ability to obtain judicial review, resulting in actual injury. Plaintiffs were denied a meaningful opportunity to be heard at every stage of review. Plaintiffs had no alternative state remedy capable of addressing these constitutional violations once enforcement occurred and the appellate record was withheld.

35. The Sheriff and Deputies' enforcement of the eviction before meaningful appellate review could occur, rendered Plaintiffs' appeals effectively moot, compounding the denial of court access.

## COUNT III

### Municipal Liability (Monell Claim)

(Against Jasper County)

36. Jasper County maintained and enforced widespread customs and practices, known to policymakers, including:

    - failure to require magistrates to make jurisdictional findings prior to issuing eviction orders;
    - failure to preserve audio recordings of magistrate proceedings;

- failure to ensure timely preparation and transmission of magistrate returns required for appellate review; and
- failure to implement mechanisms to halt enforcement of magistrate eviction orders once jurisdiction over possession shifted to the Court of Common Pleas due to a pending title or adverse-possession action;
- permitting enforcement of eviction orders during pending adverse possession claim.

These practices were longstanding, recurring, and known to county officials through repeated appeals, motions, and clerk correspondence, yet no corrective action was taken. These customs and practices were known to and ratified by final policymakers for Jasper County, including officials responsible for court administration, funding, and coordination with the Sheriff's Office. Final policymaking authority for these practices' rests with Jasper County officials responsible for magistrate court administration, clerk functions, and coordination with the Sheriff's Office.

37. These policies and practices were the moving force behind Plaintiffs' constitutional injuries, including the Sheriff's enforcement of void court orders. Absent these customs and practices, the eviction order would not have been enforced, the appellate record would have been transmitted, and Plaintiffs' constitutional injuries would not have occurred.

38. Jasper County's failure to implement safeguards ensuring jurisdictional determinations, preservation of magistrate court records, and timely transmission of returns reflects deliberate indifference to the constitutional rights of litigants and predictably results in wrongful evictions without due process.

## COUNT IV

**Declaratory Relief – Ongoing and Prospective Constitutional Violations**

Plaintiffs seek declaratory relief as to the existence of ongoing and prospective violations of the Fourteenth Amendment arising from Defendants' administrative practices and enforcement

actions, which present a real and immediate controversy capable of repetition yet evading review. Plaintiffs do not seek review, reversal, or invalidation of any state court judgment.

## VI. RELIEF REQUESTED

Plaintiffs seek injunctive relief only to the extent necessary to remedy ongoing constitutional violations and do not seek federal court supervision of state court adjudications beyond the relief expressly requested herein. Plaintiffs respectfully request that this Court:

A. Declare that Defendants violated Plaintiffs' Fourteenth Amendment rights;

B. Declare that Defendants' practices of issuing and enforcing eviction orders without first resolving subject-matter jurisdiction, preserving records, or providing notice violate the Fourteenth Amendment.

C. Enjoin Jasper County from maintaining administrative practices that result in failure to preserve magistrate records or transmit returns required for appellate review;

D. Award compensatory damages solely against Defendant Jasper County pursuant to *Monell*, including but not limited to; damages for loss of housing, emotional distress, deprivation of property, and other non-economic harms proximately caused by Defendants' unconstitutional practices;

E. Award nominal damages against Defendant Sheriff John Doe and John Doe Deputies (1–5) in their individual capacities;

F. Award costs and reasonable fees pursuant to 42 U.S.C. § 1988;

G. Grant such other relief as justice requires.

## VII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.