IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angel S. A. Jackson; Sheila Wilson; and Bertram Gaines, Jr.,<br><br>Plaintiffs,<br><br>v.<br><br>Jasper County South Carolina; Magistrate Judge Jennifer Carter; Circuit Court Judge Keith Kelly; Sheriff of Jasper County, South Carolina; and John Doe Deputies (1-5),<br><br>Defendants. | C/A No.: 9:26-1021-RMG-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

This is a civil action filed by a pro se litigants Angel S. A. Jackson, Sheila Wilson, and Bertram Gaines, Jr.. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. For the reasons that follow, the undersigned recommends the district judge dismiss the Complaint in this case.

I. Factual and Procedural Background

Plaintiffs state they had continuously occupied the property located at 102 Mount Pleasant Road since the passing of the original title owner Mrs. Gaines on April 27, 2012. ECF No. 1 at 3. Plaintiffs allege Mrs. Gaines was Plaintiff Bertram Gaines Jr.'s mother, and Plaintiff Sheila Wilson's great aunt. *Id*. Plaintiff Angel S.A. Jackson is the daughter of Sheila Wilson. *Id*. Plaintiffs claim there was a prior eviction brought in 2009 against Plaintiffs by Mrs. Joanne Fields, Mrs. Gaine's great niece, and Plaintiff contends the court found it lacked jurisdiction to adjudicate the issues with how the property became titled to Mrs. Fields, her husband, and Mrs. Gaines on joint tenant survivorship rights, and explained that unless Mrs. Gaines joined the Fields' eviction action,

the eviction would not be proper. *Id*. Plaintiffs claim Mrs. Fields and her husband sent a letter on January 9, 2013, to Plaintiffs requesting Plaintiffs pay rent of $250 on February 1, 2013, or be subject to eviction. *Id*. Plaintiffs allege they refused to acknowledge the Fields' ownership and the Fields' failed to follow through with an eviction action. *Id*. Plaintiffs claim the Fields sent a letter to Plaintiffs on December 19, 2022, requesting rent. *Id*. Plaintiffs claim on February 10, 2023, the Fields sent a notice to quit premises to Plaintiffs Wilson and Gaines. *Id*. Plaintiffs state they received a summons in March 2023 to appear in the magistrate court to be heard on a writ of ejectment. *Id*. Plaintiffs claim following a hearing, the magistrate court disclaimed jurisdictional authority to hear the case and told the parties the court would notify them of a subsequent hearing if it could verify jurisdictional authority. *Id*. at 3-4. Plaintiffs allege they subsequently received an order granting the eviction by declaration of ownership by death certificate. *Id*. at 4. Plaintiffs Wilson and Gaines allege they appealed the decision to the circuit court and state they had a hearing on April 20, 2023, where they raised constitutional and jurisdictional errors, and their appeal was ultimately dismissed. *Id*. Plaintiffs state they received a 24-hour notice to vacate the premises. *Id*. Plaintiffs Wilson and Gaines claim they then appealed the circuit court judgment to the Court of Appeals. *Id*. at 5. Plaintiff Jackson states she received a notice to quit premises on May 12, 2023, and the magistrate court issued a writ of ejectment against Jackson. *Id*. Plaintiffs also state there was a hearing to lift the stay of the original eviction, and the stay was lifted in November 2023. *Id.* Plaintiffs Wilson and Gaines claim their appeal of the March 2023 writ of ejectment was dismissed in March 2024. *Id*. Plaintiffs Wilson and Gaines claim they filed a claim for adverse possession on April 10, 2024, that is still pending. *Id*. Plaintiffs allege they received a 24-hour notice to vacate premises on April 11, 2024, and claim they were forcibly removed from

the property on April 12, 2024, by the Jasper County Sheriff's office. *Id*. Plaintiffs state on March 30, 2025, they filed a motion to vacate judgment, and the magistrate court denied their motion. *Id*. Plaintiffs claim they appealed this order on July 23, 2025. *Id*. Plaintiffs allege their appeal has been delayed and is still pending as the magistrate court has not filed a return to their appeal. *Id*. at 6.

On May 7, 2026, the court issued an Order notifying Plaintiffs that their Complaint was subject to summary dismissal because they failed to allege sufficient factual allegations to state a claim. ECF No. 24. The Order further advised Plaintiffs they had until May 21, 2026, to file an amended complaint or otherwise cure the identified deficiencies in their pleadings. *Id*. Plaintiffs did not file a response to the May 7, 2026 Order.

## II. Discussion

### A. Standard of Review

Plaintiffs filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally

construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

1. Defendants Magistrate Judge Jennifer Carter and Circuit Court Judge Keith Kelly

Plaintiffs assert claims against Magistrate Judge Jennifer Carter for actions she took related to the eviction proceedings against Plaintiffs. ECF No. 1. Plaintiffs also assert claims against Circuit Court Judge Keith Kelly related to the alleged denial of meaningful appellate review. *Id*. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless*

*v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id*. at 11; *see also Stump v. Sparkma*n, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Although Plaintiffs contend their claims against these defendants are not barred by judicial immunity, this contention is without merit. The essential allegations of their Complaint challenge the judicial rulings and actions taken by Defendants Carter and Kelly, and these Defendants have absolute immunity from such claims. Accordingly, Plaintiffs' claims against Defendants Carter and Kelly should be summarily dismissed.

2. Defendant Jasper County

Plaintiffs assert a claim against Jasper County for maintaining and enforcing widespread customs and practices concerning magistrate judge's court practices, including not recording hearings, issuing eviction orders without jurisdictional findings, and the enforcement of void eviction orders. ECF No. 1. "A county may be found liable under 42 U.S.C. § 1983 only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.'" *Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) (citing *Monell v. Dept. of Social Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). Plaintiffs have failed to identify other actions, outside of their own case, that would constitute a specific governmental policy or custom instituted and enforced by Jasper County that caused their constitutional rights to be allegedly violated. *See Ashcroft v.*

*Iqbal*, 556 U.S. at 678–79. Plaintiffs' claims against Jasper County should be summarily dismissed.

3. No jurisdiction to review state court judgments

To the extent Plaintiffs complain about evidentiary findings or procedural errors related to the Jasper County eviction actions and subsequent appeals, this court lacks jurisdiction to review or set aside such findings under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition also includes constitutional challenges. *Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284. Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. Because Plaintiffs' Complaint challenges eviction and appellate orders issued by South Carolina Courts, the undersigned finds their Complaint should be summarily dismissed. *See Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her).

4. *Younger* Abstention

Plaintiffs indicate they have pending appeals and other actions challenging the eviction orders. ECF No. 1. Because Plaintiffs seek federal court intervention in pending state court actions, their Complaint is subject to summary dismissal. In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state proceedings if there is an ongoing state judicial proceeding brought prior to the federal proceeding, that implicates important, substantial, or vital state interests, and provides adequate opportunity to raise constitutional challenges. *See Younger v. Harris*, 401 U.S. 37 (1971); *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006); *see also Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005) (citations omitted) (explaining that *Younger* abstention applies "as well to noncriminal judicial proceedings when important state interests are involved."). Applying these factors to this case, abstention is appropriate. South Carolina courts retain jurisdiction over Plaintiffs' pending actions related to the subject eviction orders, and Plaintiffs can present their constitutional or abuse of process claims to that court. If this court were to make factual findings that Defendants' eviction orders and enforcement actions violated Plaintiffs' constitutional rights, the court would be interfering with a

pending state court proceeding. Further, eviction actions implicate important state interests for the purpose of considering *Younger* abstention. *See, e.g., Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) (Applying *Younger* and holding that eviction actions are "a relatively complex procedure extensively regulated by state law, which dictates stringent notice requirements and the nature of the eviction proceedings themselves" implicate "important state interests."); *Standifer v. Broadmoore Dev., Inc.,* No. 8:12CV176, 2012 WL 3647433, *3 (D. Neb. Aug. 23, 2012) (same). The *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiffs' Complaint.

III. Conclusion and Recommendation

By order issued on May 7, 2026, the undersigned provided Plaintiffs an opportunity to correct the defects identified in their Complaint and further warned Plaintiffs if they failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed without leave for further amendment. Plaintiffs failed to file an amended complaint or otherwise cure the identified deficiencies within the time provided. Accordingly, in addition to the reasons discussed herein, the undersigned recommends this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

IT IS SO RECOMMENDED.

July 20, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).